UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA        :
                                    :    Crim. No. 18-653 (NLH)
        v.                          :
                                    :
EUGENE SPARROW                  :    **OPINION**
                Defendant          :
_____:


**APPEARANCES:**

HELMER, CONLEY & KASSELMAN, P.A.
By: Ira M. Slovin, Esq.
111 White Horse Pike
Haddon Heights, New Jersey 08035

        *On behalf of Defendant Eugene Sparrow*

OFFICE OF THE UNITED STATES ATTORNEY
By: Desiree Grace Latzer, Assistant United States Attorney
970 Broad Street, 7th Floor
Newark, New Jersey 07102

        *On behalf of the United States of America*


**HILLMAN**, **District Judge**

        This matter comes before this Court upon Defendant Eugene

Sparrow's Supplemental Memorandum for Reduction of Sentence

[Dkt. No. 36] and prior *pro se* Motion for Reduction of Sentence

[Dkt. No. 34], both pursuant to the First Step Act, 18 U.S.C. §

3582(c)(1)(A).  Defendant is an inmate currently serving a 57-

month sentence at Federal Correctional Institution ("FCI")

Schuylkill, a medium-security federal prison in Minersville,

Pennsylvania.

In the instant motion, Defendant seeks immediate release to

home confinement on the basis of multiple medical conditions –

obesity, hypertension, and pre-diabetes – which he contends put

him at a heightened risk for complications if he contracts

COVID-19.  The Government opposes Defendant's motion, arguing

that Defendant does not merit release under the factors set

forth in 18 U.S.C. § 3553(a).  The Government also asserts that

the Federal Bureau of Prisons ("BOP") has taken significant

steps to protect the health of inmates in its custody, including

those housed at FCI Schuylkill.

For the reasons stated below, Defendant's motion will be

denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2019, Defendant pleaded guilty to a one count

Indictment, on a charge – namely, possession of a firearm by a

convicted felon - stemming from his role in a March 2018

shooting at a group of people in Newark, New Jersey.

On July 31, 2019, this Court sentenced Defendant to 57

months' imprisonment.

Defendant first submitted a petition for compassionate

release to Warden Scott Finley of FCI Schuylkill on April 13,

2020.  Warden Finley issued a denial of that request on April

17, 2020.   On April 28, 2020, Defendant filed a *pro* se motion,

and on July 1, 2020, filed a supplemental memorandum through

counsel, seeking compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A).   Defendant alleges that he suffers from obesity

and hypertension and is "pre-diabetic", all of which make him

particularly vulnerable to becoming seriously ill from COVID-19,

and that he is more likely to contract COVID-19 while

incarcerated at FCI Schuylkill.

## II.   LEGAL STANDARD

"The recently enacted First Step Act allows a defendant to

be afforded compassionate release for 'extraordinary and

compelling reasons.'" United States v. Sellers, Crim. No. 10-

434, 2020 WL 1972862, at *1 (D.N.J. April 24, 2020) (quoting 18

U.S.C. § 3582(c)(1)(A)(i)).   Before bringing a motion for

reduced sentence on their own behalf, defendants first "must ask

the Bureau of Prisons ('BOP') to do so on their behalf, give BOP

thirty days to respond, and exhaust any available administrative

appeals." United States v. Raia, Civ. No. 20-1033, 2020 WL

1647922, at *1 (3d Cir. April 2, 2020) (citing 18 U.S.C. §

3582(c)(1)(A)).   "Thus, under the First Step Act, a defendant

seeking a reduction in his term of imprisonment bears the burden

of satisfying both that he has (1) exhausted remedies before

seeking judicial review, and (2) that compelling and

extraordinary reasons exist to justify compassionate release."

Sellers, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(c)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." United States v. Pabon, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

## III. DISCUSSION

As the nation continues to grapple with the COVID-19 pandemic, the Court considers Defendant's Motion and its underlying concerns with seriousness.  However, as the United States Court of Appeals for the Third Circuit has articulated, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant alleges, and the Government does not dispute, that Defendant has satisfied the exhaustion requirement by submitting a request for compassionate release to the FCI

4

Schuylkill administration and receiving a denial of that request.  Further, Defendant alleges, and the Government agrees, that Defendant's obesity is an "extraordinary and compelling reason" for compassionate release in the face of the current pandemic.  The parties diverge, however, on whether conditions at FCI Schuylkill also constitute an "extraordinary and compelling reason."  Therefore, the Court focuses first on that question, and then on the final step of the analysis: whether the applicable sentencing factors under § 3553(a) warrant a reduction in Defendant's sentence.

Defendant argues that prison conditions at FCI Schuylkill, and in BOP custody generally, put Defendant at heightened risk of contracting COVID-19.  Defendant alleges that he "cannot practice regular hand hygiene, [and] cannot effectively socially distance" while incarcerated.  He also alleges that recent transfers into the prison of inmates from the Metropolitan Correction Center in New York has increased his risk of exposure to COVID-19, and that the prison's medical facilities and testing capacity are insufficient for dealing with the pandemic. Defendant does not otherwise allege specific shortcomings at FCI Schuylkill, but cites several news articles about conditions in different BOP facilities.

The Government argues that BOP has undertaken a number of interventions, in accordance with its Coronavirus (COVID-19)

Action Plan (the "Action Plan"), to minimize risk of virus transmission into and within BOP facilities.  These steps include imposing restrictions on visitation, transfers, and non-essential activities; increasing medical screening of inmates and staff; and implementing changes in facility maintenance and sanitation.  These steps appear to have had some effectiveness. According to the BOP website, as of the date of this Opinion FCI Schuylkill has only one confirmed active case.[1]

The Court is mindful that the general conditions of incarceration – confinement in relatively small enclosed spaces, use of common bathrooms, rationed access to hygienic products and healthcare – make prisons potential "hot spots" for virus transmission.  However, given the markedly restrained progression of the virus within FCI Schuylkill, as compared to within the Delaware Valley region generally, BOP's Action Plan appears to be having a positive impact.

Under the circumstances, granting Defendant's request to be released to reside with either his mother or his sister in Newark, New Jersey could place him at greater risk of contracting COVID-19 than the risk he currently faces.  As of

---

[1] See https://www.bop.gov/coronavirus/ (last visited July 28, 2020).

July 25, 2020, Newark had 7,987 confirmed cases and 644 deaths.[2]

Moreover, Defendant noted in his supplemental memorandum that at

least two members of his extended family have recently passed

away due to COVID-19-related complications.  Exposure to family

members may therefore increase his risk of exposure to the

virus.

The Court is sympathetic to Defendant's concerns for his

health while in custody.  Nevertheless, Defendant has failed to

demonstrate that conditions at FCI Schuylkill provide an

"extraordinary and compelling" reason justifying his

compassionate release.

While the Court agrees that Defendant's obesity constitutes

an "extraordinary and compelling" reason for release, it must

also weigh the sentencing factors set forth in 18 U.S.C. §

3553(a), such as the nature and circumstances of the crime,

Defendant's background and characteristics, and the need for

specific and general deterrence. See Pabon, 2020 WL 2112265, at

*2.

In this case, several factors weigh heavily against

release.  Defendant's crime of conviction, unlawful possession

of a firearm, stemmed from a far more serious offense,

---

[2] County of Essex, NJ , "Essex County Coronavirus Cases",
available at https://essexcountynj.org/covid-19-municipality/
(accessed on July 28, 2020).

discharging that firearm into a crowd.  Defendant's background
also involves use of a firearm, specifically the commission of
armed robbery.  Additionally, Defendant's record contains
multiple arrests for possession, manufacture and distribution of
controlled dangerous substances, including when on parole for
his armed robbery conviction.  These are serious crimes that
should give any court pause in considering early release.

Moreover, Defendant has served less than half of his 57-
month sentence.  Release now would not reflect the seriousness
of Defendant's offense, and would be inconsistent with notions
of both specific and general deterrence.

The Court thus finds that the sentencing factors in 18
U.S.C. § 3553(a) weigh against Defendant's release.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Supplemental
Memorandum for Reduction of Sentence [Dkt. No. 36] and prior *pro
se* Motion for Reduction of Sentence [Dkt. No. 34], both pursuant
to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), will be
denied.

An Order consistent with this Opinion shall issue on this
date.


DATED: July 28, 2020                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.


8